IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAVID BETANCOURT-RIVERA,

**Plaintiff**,

v.

WANDA VÁZQUEZ-GARCED, *et al.*,

**Defendants**.

Civil **No.** 17-2040 (FAB)

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendants' Wanda Vázquez-Garced ("Vázquez")'s and Erick Rolón-Suárez' ("Rolón")'s motion for reconsideration regarding denial of the automatic stay pursuant to the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101 *et seq.* (Docket No. 16.) For the reasons set forth below, Vázquez's and Rolón's motion for reconsideration is **GRANTED**.

## I. Background

Plaintiff David Betancourt-Rivera ("Betancourt") commenced this action on August 2, 2017 pursuant to 42 U.S.C. § 1983 ("section 1983"), asserting that Vázquez, the Puerto Rico Attorney General, and Rolón, Secretary of the Puerto Rico Department of Corrections and Rehabilitation, violated the Eighth Amendment of

the United States Constitution.[1]    (Docket Nos. 1 and 26.)

Betancourt is an inmate in the Commonwealth of Puerto Rico's prison

system.  (Docket No. 26.)  According to Betancourt:

> [He] is a witness, they put [witnesses] in a building
> for witnesses, and although there was an agreement that
> they were not going to mix [inmates] together, they are
> doing it, even though in the past witnesses were killed.
> [Inmates] are living neither safely nor at peace.[2]

Id. at p. 5.  He requests that the Court order Vázquez and Rolón

to remove non-witnesses from his facility, to corroborate that

inmates housed in the same facility as Betancourt are indeed

witnesses, and to transfer Betancourt to "Stop 8[3] like before."

Id. at p 6.  Moreover, Betancourt requests $3,000,000 in monetary

damages.

Vázquez filed two notices of automatic stay pursuant to

Title III of the PROMESA.  (Docket Nos. 12 and 14.)  The Court

denied both requests to stay this litigation.  (Docket Nos. 13 and

15.)  Vázquez and Rolón now move for reconsideration of the Court's

---

[1] Section 1983 is a federal statute by which the deprivation of constitutional rights may be redressed.  42 U.S.C. § 1983.

[2] The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.  The Eighth Amendment governs section 1983 claims regarding allegations that prison officials failed to place inmates in protective custody. See Giroux v. Somerset Cnty., 178 F.3d 28 (1st Cir. 2009) (applying the Eighth Amendment to section 1983 claims that prison officials placed a government cooperator in a prison cell with an inmate posing a known danger).

[3] "Stop 8" refers to a prison facility located at what used to be Stop 8 of the now-defunct street car line on Fernández-Juncos Avenue.

denial of the automatic stay. (Docket No. 16.) Having further considered the issue, the Court concurs that the automatic stay is applicable to Betancourt's section 1983 cause of action pursuant to Title III of PROMESA. Accordingly, the motion for reconsideration is **GRANTED**.

## II.  Legal Standard

The Federal Rules of Civil Procedure "do not specifically provide for the filing of motions for reconsideration." Sánchez-Pérez v. Sánchez-González, 717 F. Supp. 2d 187, 193-94 (D.P.R. 2010) (Besosa, J.) (quoting Sánchez-Medina v. UNICCO Serv. Co., 265 F.R.D. 29, 32 (D.P.R. 2010)). "[I]t is settled in this circuit[, however,] that a motion which ask[s] the court to modify its earlier disposition of [a] case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005) (quoting In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)); see also Cent. Produce El Jibarito v. Luna Commercial Corp., 880 F. Supp. 2d 282, 284 (D.P.R. 2012) (Besosa, J.) (quoting the same).

Pursuant to Federal Rule of Civil Procedure 59(e), a district court will alter its original order only if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc.

v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)).  A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment."  Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006) (citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)).  "Rule 59(e) does not exist to allow parties a second chance to prevail on the merits [. . . and] is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court."  Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990).

In deciding a motion for reconsideration, the reviewing court has considerable discretion.  Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004).  "As a general rule, motions for reconsideration should only be exceptionally granted."  Villanueva-Méndez v. Nieves-Vázquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (Domínguez, J.).

## III. Discussion

The Court's disposition regarding the automatic stay must ensure that Betancourt is afforded judicial redress for purported violations of his civil rights without frustrating the debt-restructuring scheme set forth in PROMESA.  Regrettably, the

economic crisis afflicting the Commonwealth of Puerto Rico requires the Court to reconcile these interests.

### A.   PROMESA, Title III and the Automatic Stay

On June 30, 2016, President Barack Obama signed PROMESA into law.  PROMESA seeks to address the dire fiscal emergency in Puerto Rico, and sets forth "[a] comprehensive approach to [Puerto Rico's] fiscal, management and structural problems and [. . .] a Federal statutory authority for the Government of Puerto Rico to restructure debts in a fair and orderly process."  48 U.S.C. § 2194(m)(4).  PROMESA establishes a seven-member Oversight Board for Puerto Rico.  Id. at § 2121(e)(1)(A).  "The purpose of the Oversight Board is to provide a method for [Puerto Rico] to achieve fiscal responsibility and access to the capital markets."  Id. at § 2121(a).[4]

Congress patterned the automatic stay contained in section 2194 of PROMESA on the United States Bankruptcy Code. 48 U.S.C. §§ 2102-2241.  Section 2194(b)(1) of PROMESA stays "actions or proceedings against the Government of Puerto Rico that

---

[4] The Oversight Board operates as an entity within the Government of Puerto Rico, id. at § 2121(c), and wields broad authority over the Commonwealth and any of its instrumentalities designated as "covered" instrumentalities.  Id. § 2121(d)(1).  For instance, the Oversight Board has the authority to develop, review, and approve territorial and instrumentality fiscal plans and budgets, id. §§ at 2141–2142; to enforce budget and fiscal plan compliance, id. §§ at 2143–2144; to seek judicial enforcement of its authority to carry out its responsibilities under PROMESA, id. § at 2124(k); and to intervene in any litigation filed against the Commonwealth or its instrumentalities.  Id. § 2152.

w[ere] or could have been commenced before the enactment of
[PROMESA]." <u>Id.</u> at § 2194(b)(1). The statute also stays judicial
actions "to recover a Liability Claim against the Government of
Puerto Rico that arose before the enactment of [PROMESA]." <u>Id.</u>
In the bankruptcy context, the automatic stay becomes operative
upon the filing of a bankruptcy petition, and "is extremely broad
in scope," applying "to almost any type of formal or informal
action taken against the debtor." <u>Montalvo v. Autoridad de
Acueductos y Alcantarillados</u>, 537 B.R. 128, 140 (Bankr. D.P.R.
2015) (citing <u>Alan N. Resnick & Henry J. Sommer</u>, 3 <u>Collier on
Bankruptcy</u> ¶ 362.03 (16th ed. 2015)).[5]

Suspending debt-related litigation is "essential to
stabilize the region for the purposes of resolving" the
Commonwealth's financial crisis. <u>Id.</u> at § 2194(m)(5). The
automatic stay "allow[s] the Government of Puerto Rico a limited
period of time during which it can focus its resources on
negotiating a voluntary resolution with its creditors instead of
defending numerous, costly creditor lawsuits." <u>Id.</u> at
§ 2194(n)(2). Congress indicated that by serving these important

---

[5] The automatic stay in PROMESA, however, is "limited in nature," 48
U.S.C. § 2194(m)(5)(B), and remained in effect upon enactment of PROMESA until
the earlier of (1) February 15, 2017, with a possible extension of sixty or
seventy-five days, or (2) the date on which the Oversight Board filed a petition
on behalf of the Government of Puerto Rico or any of its instrumentalities to
commence debt-adjustment proceedings pursuant to Title III of PROMESA. <u>Id.</u> at
§ 2194(d). The initial automatic stay expired on May 1, 2017.

purposes, PROMESA's automatic stay was ultimately intended to
"benefit the lives of 3.5 million American citizens living in
Puerto Rico." Id. at § 2194(n)(5).

        The Oversight Board filed a Title III petition on behalf
of the Commonwealth of Puerto Rico on May 3, 2017.  In re
Commonwealth of Puerto Rico, No. 17-3283 (LTS) (D.P.R. May 3,
2017).[6]  Title III of PROMESA parallels the debt reorganization
structure for municipalities set forth in Chapter 9 of the
Bankruptcy Code.  See 48 U.S.C. §§ 2161, 2164 (incorporating by
reference 11 U.S.C. §§ 362, 922).  Because the Commonwealth of
Puerto Rico seeks relief pursuant to Title III, the automatic stay
remains in effect.[7]  Id. at § 2194(d)(1)(C).

        This Court possesses the authority to determine whether
the automatic stay is applicable.  See Chao v. Hospital Staffing
Services Inc., 270 F.3d 374, 384 (6th Cir. 2001).  The Sixth
Circuit Court of Appeals in Chao held that:

---

[6] The Oversight Board also filed Title III petitions on behalf of the Puerto
Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and
Transportation Authority ("HTA"), the Employees' Retirement System ("ERS"), and
the Puerto Rico Electric Power Authority ("PREPA").  The Oversight Board
commissioned Prime Clerk LLC to maintain filings and other records pertaining
to PROMESA litigation.  Dockets relating to litigation commenced pursuant to
Title III are available at https://cases.primeclerk.com/puertorico.

[7] The court presiding over the Title III petition confirmed that Bankruptcy Code
sections 362(a) and 922(a) are applicable, enjoining all persons and entities
"from commencing or continuing any judicial, administrative, or other action or
proceeding against the Debtors, including the issuance or employment of process,
that was or could have been commented before the Title III Cases were commenced."
In re Commonwealth of Puerto Rico, No. 17-3282, Docket No. 543 (D.P.R. Jun. 29,
2017) (Swain, J.).

> Not surprisingly, courts have uniformly held that when
> a party seeks to commence or continue proceedings in one
> court against a debtor or property that is protected by
> the stay automatically imposed upon the filing of a
> bankruptcy petition, the non-bankruptcy court properly
> responds to the filing by determining whether the
> automatic stay applies to (*i.e.* stays) the proceedings.

Id. (citing cases from the Second, Fifth and Ninth Circuit Courts

of Appeals).  Although the First Circuit Court of Appeals has not

addressed this issue, bankruptcy courts within this circuit concur

that "[t]he court in which the litigation claim to be stayed is

pending has jurisdiction to determine not only its own jurisdiction

but also the more precise question whether the proceeding pending

before it is subject to the automatic stay."  In re Martínez, 227

B.R. 442, 444 (Bankr. D.N.H. 1998) (citation omitted).

**B.    The Court's Initial Denial of the Automatic Stay**

Originally, the Court denied Vázquez's request to stay

this action because PROMESA must comport with federal law.  Docket

No. 13; See, e.g., Peaje Investments LLC v. García-Padilla, 845

F.3d 505, 511 (1st Cir. 2017) (holding that the Fifth Amendment of

the United States Constitution entitles creditors to protect their

property interests during bankruptcy proceedings).    PROMESA

provides that "nothing in this Act shall be construed as impairing

or in any manner relieving a territorial government, or any

territorial instrumentality thereof, from compliance with Federal

laws."  48 U.S.C. § 2106.

Irrespective of the pending economic crisis, the Commonwealth of Puerto Rico continues to function as a governmental unit subject to the United States Constitution and federal law. Congress enacted section 1983 "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992). Because Betancourt's section 1983 action pertains to alleged violations of the Eighth Amendment, the Court permitted this litigation to proceed.

**C.   The Automatic Stay is Applicable to Betancourt's Section 1983 Claim**

In the year following the Commonwealth of Puerto Rico's Title III petition, several courts have applied the automatic stay. Consequently, the parameters of the automatic stay are more precise.[8]   Actions subject to the automatic stay "involve significant problems which are not encountered in the private sector," because "important constitutional issues arise when a

---

[8] The automatic stay in inapplicable to *habeas corpus* actions.   See Atiles-Gabriel v. Commonwealth, 256 F. Supp. 3d 122. 127 (D.P.R. 2017) (Gelpí, J.) ("Even if Congress had intended Title III to trigger a stay so broad as to suspend the writ of habeas corpus, Congress would not have manifested that intent by legislative silence").   Moreover, actions that seek injunctive relief rather than monetary damages may fall beyond the scope of the automatic stay. See Vázquez-Camora v. Dep't of Educ., 255 F. Supp. 3d 298 (D.P.R. 2017) (Gelpí, J.) ("Plaintiff seeks *de novo* judicial review of an agency action to under [the Individuals with Disabilities Education Improvement Act]. The relief requested is not monetary damages, rather, Plaintiff seeks injunctive and declaratory relief to enforce a federally protected right.").

[government entity] enters the bankruptcy arena." <u>Bennett v.</u>
<u>Jefferson County</u>, 518 B.R. 613, 637 (N.D. Ala. 2014) (contrasting
the policies underlying Chapter 11 bankruptcy with Chapter 9
bankruptcy, noting that the purpose of Chapter 9 "is not future
profit, but rather continued provision of public services")
(citation omitted).    PROMESA and precedent from this district
establish that the automatic stay encompasses Betancourt's section
1983 action.

> **1.   Section 1983 and the Automatic Stay**

The district courts presiding over section 1983
actions apply the automatic stay, directing litigants to seek
relief from the Title III petition court.  <u>See</u> <u>Ruiz-Colón v. Elías</u>,
No. 17-2223, 2018 U.S. Dist. LEXIS 74455 (D.P.R. Apr. 30, 2018)
(Young, J.) (applying the automatic stay to section 1983 action
against Puerto Rico prosecutors and police officers for alleged
violations of the Fourth, Eighth, and Fourteenth Amendments);
<u>Nieves-López v. Bhatia-Gautier</u>, No. 14-1220, Docket No. 69 (D.P.R.
Oct. 20, 2017) (García, J.) (applying the automatic stay to a
section 1983 action premised on political discrimination);
<u>Marrero-Méndez v. Pesquera</u>, No. 13-1203, Docket No. 131 (D.P.R.
July 20, 2017) (García, J.) (applying the automatic stay to a
section 1983 action against the superintendent of the Puerto Rico
Police Department ("PRPD") for religious discrimination); <u>María</u>

Judith Díaz-Castro v. Commonwealth of Puerto Rico, No. 16-2873,

Docket No. 31 (D.P.R. Jun. 20, 2017) (Cerezo, J.) (applying the

automatic stay to a section 1983 action against PRPD officers for

purported violations of the Fourth, Fifth, Eighth and Fourteenth

Amendments); Caraballo-Rivera v. García-Padilla, No. 14-1435, 2017

U.S. Dist. LEXIS 165529 (Oct. 3, 2017) (Domínguez, J.) (applying

the automatic stay to a section 1983 action where plaintiff sued

Puerto Rico governor for political discrimination).

        The First Circuit Court of Appeals stayed the

appeals in cases involving section 1983 causes of action.  See

Cano-Rodríguez v. De Jesús-Cardona, No. 16-1532 (1st Cir. Nov. 27,

2017); Besosa-Noceda v. Miranda-Rodríguez, No. 16-2117 (1st Cir.

Jan 23, 2018).  In Cano-Rodríguez and Besosa-Noceda, the First

Circuit Court of Appeals declined to adjudicate the appeal, holding

that "[i]n view of the petition to restructure its debts filed by

the Commonwealth of Puerto Rico, this appeal is stayed." Id.

        The predominant rationale for extending the

automatic stay to section 1983 actions centers on the relief

requested by plaintiffs.  A liability claim is a "right to payment"

or "right to an equitable remedy for breach of performance if such

breach gives rise to a right to payment."[9]  48 U.S.C. § 2194(a)(1).

---

[9] Similarly, section 362(a)(6) of the Bankruptcy Code automatically stays "any
act to collect, assess, or recover a claim against the debt" arising before the
petition.

Civil actions containing a demand for money damages constitute a "liability." 48 U.S.C. § 2194(a)(1); see Marrero-Méndez, No. 13-1203, Docket No. 131 at p. 1 (holding that the section 1983 claim falls within the automatic stay because "the Commonwealth of Puerto Rico has assumed the costs of [defendants'] representation and possibly the payment of any adverse judgment"). PROMESA halts litigation "to recover a Liability Claim against the Government of Puerto Rico." Id. Accordingly, the automatic stay encompasses section 1983 actions that seek money damages from the Title III debtor.

A decision by this Court with analogous circumstances and procedural posture is illustrative. In Ruiz-Colón v. Elías, plaintiffs sued a prosecutor within the Puerto Rico Department of Justice pursuant to section 1983 for purported violations of the Fourth, Eighth, and Fourteenth Amendments. No. 17-2223, 2018 U.S. Dist. LEXIS 74455, at *3 (April 30, 2018) (Young, J.). Plaintiffs requested injunctive relief and $25,000,000 in monetary damages. Id. at *2. Just as the Court did in this litigation, the Ruiz-Colón court initially denied defendants' request to stay the section 1983 action pursuant to PROMESA. Id. at *3. Defendants moved for reconsideration, presenting "the Court with a difficult, though now recurrent, problem viz. administrating the stay occasioned by the quasi-

bankruptcy status now being endured by the people of the Commonwealth of Puerto Rico." <u>Id.</u> The Court in <u>Ruiz-Colón</u> granted defendants' motion for reconsideration because the section 1983 action imposed litigation costs on the Commonwealth of Puerto Rico and possible liability for monetary damages.[10] <u>Id.</u> at *12 ("These are the type of suits contemplated by PROMESA that require an automatic stay because the defense is funded by the Commonwealth of Puerto Rico and its treasury.").

Betancourt's section 1983 action exposes the Commonwealth of Puerto Rico to monetary damages in the same manner as the litigation in <u>Ruiz-Colón</u>. A victory for Betancourt would entitle him to money damages payable from public coffers. Moreover, the Commonwealth of Puerto Rico is litigating this matter on behalf of Vázquez and Rolón, incurring costs associated with this action while simultaneously addressing the Title III petitions. A judgment in favor of Betancourt would constitute a "Liability Claim," instilling in Betancourt a "right to payment"

---

[10] Plaintiffs in <u>Ruiz-Colón v. Elías</u> and <u>Cruz-Rodríguez v. Administración de Corrección de Puerto Rico, et al.</u> both sued Commonwealth of Puerto Rico instrumentalities pursuant to 42 U.S.C. § 1983, and requested monetary damages. 2018 U.S. Dist. LEXIS 74455; No. 17-1464 (Young, J.). The automatic stay applied in <u>Ruiz-Colón</u>, but not in <u>Cruz-Rodríguez</u>. <u>Id.</u> Unlike the plaintiff in <u>Ruiz-Colón</u>, however, the plaintiff in <u>Cruz-Rodríguez</u> requested that his "liberty be restored," implicating the writ of *habeas corpus*. *Habeas* actions are not subject to the automatic stay. <u>See</u> <u>Atiles-Gabriel v. Commonwealth</u>, 256 F. Supp. 3d 122, 127 (D.P.R. 2017) (Gelpí, J.) ("[R]eading PROMESA as a whole, it is unlikely Congress intended the filing of a Title III petition to trigger a stay so broad that the availability of habeas procedures would even be called into question.").

against the Commonwealth of Puerto Rico. 48 U.S.C. § 2194(a)(2)(A). By adopting the automatic stay, Congress contemplated "an orderly adjustment of all of the Government of Puerto Rico's liabilities." Id. at § 2914(n)(4). Consequently, the automatic stay halts this action unless the bankruptcy court grants relief from the stay.

The Court is mindful that Betancourt seeks compliance with the constitutional prohibition against cruel and unusual punishment enshrined in the Eighth Amendment. (Docket No. 26.) Compliance with this essential protection is consistent with the automatic stay. The court presiding over the Title III petition affirmed that the automatic stay "shall [not] affect the substantive rights of any party." In re Commonwealth of Puerto Rico, No. 17-bk-3282, Docket No. 543 at p. 5 (D.P.R. Jun. 29, 2017) (Swain, J.).[11] The Title III court will determine whether relief from the automatic stay is warranted. See In Re Fin. Oversight & Mgmt. Bd., No. 17-bk-4780 2017 Bank. LEXIS 4168 *9—10 (D.P.R. Sept. 14, 2017) (Swain, J.) ("To determine whether there is cause to lift the bankruptcy stay, the Court examines the factors first

---

[11] Should Betancourt move for relief from the stay, he must comport with the Third Amended Notice, Case Management and Administrative Procedures, setting forth the requirements for requesting relief from the automatic stay. (In re Commonwealth of Puerto Rico, Case No. 17-3283, Docket No. 1513 at pp. 11-12.) For instance, at least fifteen business days before filing for relief from the automatic stay, litigants must contact counsel for the Oversight Board. Id. at p. 11-12.

enumerated by the United States Court of Appeals for the Second Circuit in <u>In re Sonnax Indus</u>.").    Indeed, the Title III Court previously addressed whether the automatic stay is applicable to section 1983 actions.    <u>See</u> <u>In re Commonwealth of Puerto Rico</u>, No. 17-bk-3283, Docket No. 2205 (D.P.R. Jan. 1, 2018) (denying relief from the automatic stay in a section 1983 action, holding that "[a]lthough the Court is deeply mindful of the serious nature of the factual allegations underlying the Lawsuit, the Movants have not made the requisite showing of cause for relief from the automatic stay").[12]    Accordingly, the Court grants Vázquez's and Rolón's motion to stay this action.    (Docket No. 12.)

---

[12] <u>See also</u>, <u>id.</u> at Docket No. 1234 (D.P.R. Sept. 5, 2017) (Swain, J.) (denying relief from the automatic stay in a section 1983 action against three PRPD officers); <u>id.</u> at Docket No. 1205 (D.P.R. Aug. 29, 2017) (Swain, J.) (denying relief from the automatic stay in a section 1983 action against Puerto Rico Department of Justice attorneys and PRPD officers).

## IV.   Conclusion

For the reasons set forth above, Vázquez's and Rolón's motion for reconsideration is **GRANTED**.  (Docket No. 16.)  This case is stayed pursuant to 48 U.S.C. § 2161(a) and 11 U.S.C. §§ 362(a) and 922.  Any request to lift or vacate the stay must be filed in the bankruptcy court in Bankruptcy Case No. 17-bk-3283 (LTS).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 16, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE